UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER J. MORGAN,

        Petitioner,

v.                            Case No. 3:05-cv-404-J-32TEM

JAMES V. CROSBY, JR.,
etc.; et al.,

        Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Christopher J. Morgan, who is represented by counsel, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on May 4, 2005. Petitioner challenges a 1999 state court (St. Johns County, Florida) judgment of conviction for DUI manslaughter on one ground: Petitioner's plea of nolo contendere was involuntarily and unknowingly entered because the trial court imposed restitution in the amount of fifty thousand dollars ($50,000).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. See Respondents' Response to Petition (Doc. #5). In support of their contentions, they have submitted exhibits.[1] Petitioner

---

[1] The Court will hereinafter refer to Respondents' exhibits as "Ex."

acknowledges the untimeliness; however, he contends that equitable tolling is appropriate.[2]

On January 14, 1999, Petitioner Morgan was charged by Information in St. Johns County, Florida, with DUI manslaughter. Ex. 1. Petitioner pled nolo contendere to that charge, and on October 8, 1999, he was sentenced to a term of imprisonment for 124.5 months. Ex. 2; http://www.dc.state.fl.us/ActiveInmates (Florida Department of Corrections website). Petitioner did not take a direct appeal from that plea and sentence.

Since Petitioner did not file a direct appeal, his conviction became final on November 7, 1999 (thirty days after October 8, 1999). This was after the April 24, 1996, effective date of the AEDPA. Therefore, AEDPA's one-year limitation period began to run on November 8, 1999. The Petition, filed in this Court on May 4, 2005, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

The one-year period of limitation ran for 27 days (November 8, 1999, through December 5, 1999) until December 6, 1999, when Petitioner, through counsel, filed a Motion to Reduce Sentence. Ex. 3. The motion was denied on December 7, 1999. Ex. 4.

The one-year period of limitation ran for one year and 228 days (December 8, 1999, through July 24, 2001) until July 25, 2001,

---

[2] The Petition (Doc. #1) reflects the procedural history of this case and sets forth Petitioner's equitable tolling argument.

when Petitioner (*pro se*) filed a Motion for Mitigation. Ex. 5. The motion was denied on September 26, 2001. Ex. 5; Ex. 6. Any motions filed after the expiration of the one-year period of limitation do not toll the time period because there is no period left.[3]

On October 3, 2001, Petitioner (*pro se*) filed a Rule 3.850 motion for post conviction relief. Ex. 7. On November 6, 2001, Petitioner (*pro se*) filed an amended Rule 3.850. Id. On September 20, 2002, the trial court denied the motion. Ex. 8. On January 28, 2003, the appellate court per curiam affirmed. Morgan v. State, 842 So.2d 130 (Fla. 5th DCA 2003); Ex. 11. Petitioner's motion for rehearing was denied on March 27, 2003. Ex. 12; Ex. 14. Mandate was issued on April 14, 2003. The Supreme Court of the United States denied Petitioner's petition for writ of certiorari

---

[3] "Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000). Thus, Petitioner's motion for post-conviction relief did not toll the one-year federal limitation period. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a Florida state prisoner's motion for post-conviction relief in state court, filed one year and four months after judgment on his robbery conviction became final, did not toll the one-year limitation period to file a federal habeas petition because the motion was filed four months after the federal habeas limitation period had expired), cert. denied, 534 U.S. 1144 (2002).

4

on October 6, 2003.  *Morgan v. Florida*, 540 U.S. 888 (2003); Ex. 15; Ex. 16.

On April 30, 2003, Petitioner (*pro se*) filed a Motion for Belated Rehearing in the trial court, which was denied on May 9, 2003.  Ex. 17; Ex. 18.  On May 14, 2003, Petitioner (*pro se*) filed a Notice to the Court, asserting that the court had failed to rule on his amended Rule 3.850.  Ex. 19.  On May 28, 2003, the trial court issued its order, finding that it had considered both Petitioner's initial motion and his amended motion in denying him post conviction relief.  Ex. 20.  On July 13, 2004, the appellate court per curiam affirmed.  *Morgan v. State*, 876 So.2d 1215 (Fla. 5th DCA 2004); Ex. 24.  Mandate was issued on July 30, 2004.[4]

Also, on August 27, 2003, Petitioner (*pro se*) had filed a Petition for Writ of Prohibition in the appellate court, asserting that he had moved to disqualify the trial court judge on July 25, 2001, and that the motion had been denied by order, dated September 26, 2001.  Ex. 25; Ex. 26; Ex. 27.  On September 12, 2003, the appellate court denied the petition.  Ex. 28.  Petitioner's motion for rehearing was denied on October 1, 2003.  Ex. 29; Ex. 30. Petitioner then filed a Petition for Writ of Prohibition in the Supreme Court of Florida, which was dismissed for lack of jurisdiction on February 11, 2004.  Ex. 31; Ex. 32.

---

[4] An additional nine months passed from July 30, 2004, until May 4, 2005, when he filed his Petition in this Court.

Petitioner has set forth his equitable tolling argument in the Petition. See Petition at 11-12. Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 125 S.Ct. 1571 (2005). The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).

Petitioner agrees that the conviction became final, for purposes of 28 U.S.C. § 2244(d)(1)(A), on November 7, 1999, the date upon which his right to seek direct review of the judgment and sentence in the Florida judicial system expired. Petition at 11. Further, Petitioner acknowledges that the one-year period of limitation would have expired on or about November 9, 2000.[5] Id. at 12.

Petitioner contends that the period of time from November 7, 1999, until October 3, 2001 (the filing of his Rule 3.850 motion) should be equitably tolled to allow for the two years in which to file a Rule 3.850 motion pursuant to Florida law. Id. This equitable tolling argument fails. When a Rule 3.850 motion is

---

[5] Since 27 days had already run (November 8, 1999, through December 5, 1999), Petitioner had only 338 days remaining or until November 11, 2000.

filed after the expiration of the federal limitation period, the motion cannot toll the limitation period because there is no period left. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the federal limitation period), cert. denied, 534 U.S. 1144 (2002). Here, Petitioner waited until after the one-year period of federal limitation had expired before he filed his first motion for post conviction relief in the state court.

The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable even with diligence, and this high hurdle will not be surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005); Wade v. Battle, 379 F.3d at 1265 (citation omitted); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam), reh'g and suggestion for reh'g en banc denied, 207 F.3d 666 (11th Cir. 2000). Petitioner has not shown extraordinary circumstances that were both beyond his control and unavoidable even with diligence. Thus, he is not entitled to equitable tolling of the limitation period in the case at bar.

In sum, Petitioner has not shown any justifiable reason why the dictates of the one-year limitation period should not be

7

imposed upon him. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1. Respondents' Response to Petition (Doc. #5), in which they request the dismissal of the Petition, is **GRANTED**.

2. The case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of September, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

sc 9/6
c:
Bernard F. Daley, Jr., Esquire
Assistant Attorney General (Golden)